HOLLAND & KNIGHT LLP
Sarah Kelly-Kilgore (SBN 284571)
Thomas W. Brooke (to be admitted *pro hac vice*)
Lauren Caverly Pratt (to be admitted *pro hac vice*)
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone:   949.517.1438
Facsimile:   949.833.8540
E-mail: sarah.kellykilgore@hklaw.com
        thomas.brooke@hklaw.com
        lauren.pratt@hklaw.com

*Attorneys for Plaintiff*
*Condor Flugdienst Gesellschaft mit beschrankter Haftung*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDOR FLUGDIENST GESELLSCHAFT MIT BESCHRANKTER HAFTUNG, a German company with limited liability<br><br>        Plaintiff,<br><br>   vs.<br><br>ELAINE BROWN SELAN and CONDOR FLUGDIENST GMBH, a California nonprofit corporation<br><br>        Defendants. | Case No.: **'25CV2279 RBM BLM**<br><br>**COMPLAINT FOR (1) FEDERAL TRADEMARK INFRINGEMENT, (2) FEDERAL TRADE NAME INFRINGEMENT, UNFAIR COMPETITION, FALSE REPRESENTATION, AND FALSE DESIGNATION OF ORIGIN, (3) CALIFORNIA TRADE NAME INFRINGEMENT, (4) CALIFORNIA TRADEMARK INFRINGEMENT, (5) CALIFORNIA UNFAIR COMPETITION, AND (6) CALIFORNIA FALSE ADVERTISING** |

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax:  949.833.8540

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax: 949.833.8540

Plaintiff Condor Flugdienst GmbH ("Condor" or "Plaintiff") alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for infringement of Plaintiff Condor Flugdienst GmbH's federally-registered trademark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for trade name infringement, unfair competition, false representation, and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of trademark infringement, trade name infringement, unfair competition, and deceptive and unfair trade practices under the statutory and common laws of the State of California, all arising from the unauthorized use of the CONDOR mark (subject of U.S. Registration No. 1102343) and Plaintiff's distinctive registered trade name "Condor Flugdienst GmbH" by Defendant Elaine Brown Selan ("Defendant Selan") and Defendant Condor Flugdienst GmbH, a California nonprofit corporation ("Defendant Condor CA", and together with Defendant Selan, "Defendants"), in connection with, upon information and belief, the manufacture, distribution, marketing, advertising, promotion, offering for sale, and/or sale of Defendants' goods and/or the marketing, advertising, promotion, and provision of Defendants' services.

2.      Plaintiff brings this action because Defendant Selan has registered a California nonprofit corporation using Plaintiff's corporate trade name and incorporating Plaintiff's federally registered trademark, which has caused and is likely to continue causing consumer confusion.

3.      Plaintiff seeks injunctive and monetary relief.

## JURISDICTION AND VENUE

4.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338(a) and 15 U.S.C. § 1121. Further, this Court possesses federal question over this action insofar as the matter arises under the Lanham Act. Additionally, this Court has supplemental jurisdiction over Plaintiff's state law claims

1  under 28 U.S.C. § 1367(a) insofar as these claims are so related to the federal claims

2  in the action that they form part of the same case or controversy.

3       5.    Upon information and belief, this Court has personal jurisdiction over

4  Defendants. Upon information and belief, Defendant Selan resides in the forum. In the

5  Articles of Incorporation filed with the State of California Office of the Secretary of

6  State, the address provided for Defendant Selan, as registered agent of Defendant

7  Condor CA, and the mailing address for Defendant Condor CA, are both located in the

8  forum.

9       6.    Venue is properly placed in this district pursuant to 28 U.S.C. §

10  1391(b)(2), as a substantial part of the events or omissions giving raise to the claim

11  occurred in this District.

## **PARTIES**

12

13       7.    Plaintiff Condor Flugdienst GmbH is a German limited liability company

14  with its principal place of business in Neu-Isenburg, Germany. Plaintiff has obtained a

15  certificate of qualification to conduct business in the State of California as an out-of-

16  state stock corporation under the corporation and trade name "Condor Flugdienst

17  Gesellschaft mit beschrankter Haftung," which certificate is valid and active.

18  "Gesellschaft mit beschrankter haftung" translates from German to "limited liability

19  company" in English, and thus "GmbH" is the German equivalent of the business

20  designation "LLC" as used in the State of California. Plaintiff is the owner of a U.S.

21  Trademark Registration for the mark CONDOR (standard characters).

22       8.    Upon information and belief, Defendant Elaine Brown Selan is an

23  individual residing in California at 4337 Caminito De La Escena, San Diego, California

24  92108.

25       9.    Defendant Condor Flugdienst GmbH is a California nonprofit corporation

26  with a principal place of business at 30 North Gould Street, Suite R, Sheridan,

27  Wyoming 82801.

28

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax: 949.833.8540

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax: 949.833.8540

# FACTS

## A.  Plaintiff, Its Trade Name, and Its Mark.

10.    Plaintiff is a commercial airline offering flights to Europe from thirteen (13) cities across the United States, including Los Angeles, California, and San Francisco, California.

11.    Plaintiff entered the North American commercial flight market and began offering flights to and from the United States in or around 1967 under the trade name "Condor Flugdienst Gesellschaft mit beschrankter Haftung" (Plaintiff's "Trade Name"). Since then, Plaintiff has consistently used and registered to conduct business under its Trade Name in various jurisdictions throughout the United States. In pertinent part, Plaintiff filed documents to obtain a certificate of qualification to conduct business as an out-of-state stock corporation in the State of California under the Trade Name on May 19, 2022. Plaintiff's certification to conduct business in the State of California has remained active ever since. Attached as **Exhibit 1** is a true and correct copy of the documents filed by Plaintiff with the California Office of the Secretary of State to obtain and maintain its certificate of qualification.

12.    Plaintiff's Trade Name is distinctive to both the consuming public and Plaintiff's trade, both inherently and because it has acquired distinctiveness through use over time. It incorporates Plaintiff's federally registered and distinctive service mark CONDOR, as further described in Paragraph 13, below. The term "Flugdienst" is not a word in the English dictionary, and the translated meaning of this term in English, "flight service," is not commonly known by consumers in the United States. Therefore, consumers most likely perceive this term as an arbitrary or fanciful term that noticeably distinguishes the commercial impression of Plaintiff's trade name as a whole. Moreover, the use of the German business designation "GmbH," rather than the designations "LLC," "Inc.," and "Corp." commonly used by businesses formed in the United States, further sets Plaintiff's trade name apart from other trade names that incorporate the term "Condor."

13.    As a result of its widespread, continuous, and exclusive uses of its Trade Name to symbolize its reputation and the business it carries on, and the inherent distinctiveness of the Trade Name, Plaintiff owns widespread common-law rights in and to its Trade Name.

14.    Plaintiff is also the owner of valid and subsisting United States Service Mark Registration No. 1102343 on the Principal Register in the United States Patent and Trademark Office for the mark CONDOR in standard characters (the "CONDOR Mark") in connection with "air transportation of persons and property" in International Class 39. This registration was granted to Plaintiff on September 12, 1978, and has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. Attached as **Exhibit 2** is a true and correct copy of the registration certificate and renewal and maintenance records for United States Trademark Registration No. 1102343.

15.    Plaintiff has used the CONDOR Mark in commerce throughout the United States continuously since at least as early as 1967 in connection with the promotion, advertising, and provision of air transportation services for persons and property. Attached hereto as **Exhibit 3** are copies of representative samples of promotional materials showing Plaintiff's use of the CONDOR Mark in connection with these services.

16.    As a result of its widespread, continuous, and exclusive uses of the CONDOR Mark to identify its services and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the CONDOR Mark.

17.    Plaintiffs' CONDOR Mark is distinctive to both the consuming public and Plaintiffs' trade. The mark is entitled to a presumption of inherent distinctiveness by virtue of its federal registration on the Principal Register in the United States Patent and Trademark Office, without any disclaimer. Moreover, the CONDOR Mark has also acquired distinctiveness due to Plaintiff's longstanding, continuous use to identify Plaintiff as the source of the services offered under it. Attached hereto as **Exhibit 4** are

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax: 949.833.8540

copies of news articles, reviews, and third-party blog posts about Plaintiff and its commercial airline services, referencing the importance of the CONDOR Mark to Plaintiff and its brand.

18.    Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the commercial flight services it offers under the CONDOR Mark, including through Plaintiff's website and material that aims to enhance the brand's awareness to the public.

19.    Plaintiff advertises and promotes its air transportation services under the CONDOR Mark through its website and social media throughout the United States. Plaintiff also offers for sale and sells its air transportation services, from airports in the United States, through its website.

20.    As a result of its consistent efforts for nearly 50 years, Plaintiff has developed valuable service mark rights, including common-law rights, in its CONDOR Mark, extending nationwide.

21.    Plaintiff's CONDOR Mark, as applied to air transportation and commercial flight services, is a strong, fanciful designation, entitled to a broad scope of protection, especially considering Plaintiff's extensive history of offering such services under this mark and its rejuvenated efforts to promote, expand, and enhance such services following the lull in international travel due to the COVID-19 global pandemic.

22.    As a result of Plaintiff's long, extensive, exclusive, and continuous use of its CONDOR Mark in connection with its business, and the enormous public exposure due to it through promotion and excellent customer service, the CONDOR Mark has acquired secondary meaning and has become extremely well and favorably known as a designator of origin for Plaintiff's services. The CONDOR Mark therefore serves to identify the source of Plaintiff's services.

23.    Because of the likely confusion as to Defendant Condor CA's identity and the source of Defendant Condor CA's goods and/or services, due to Defendant Condor

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax: 949.833.8540

CA's use and registration of a trade name that is virtually identical to Plaintiff's trade name, and that incorporates Plaintiff's federally registered CONDOR Mark, Plaintiff's goodwill in its Trade Name and its CONDOR Mark has been and will be damaged.

24.     Defendants' continuing infringing activity demonstrates a willful and bad faith intent to create confusion, deception, and mistake in the minds of both Plaintiff's consumers and potential consumers and in the minds of Defendants' consumers and potential consumers.

**B. Defendants' Unlawful Acts.**

25.     Without Plaintiff's knowledge, beginning after Plaintiff acquired protectable exclusive rights in its Trade Name and its CONDOR Mark, upon information and belief, Defendant Selan registered a business in California using a corporation name virtually identical to Plaintiff's Trade Name (the "Infringing Name"), and Defendants Selan and Condor CA began using a mark (the "Infringing Mark") confusingly similar to Plaintiff's CONDOR Mark in US commerce.

26.     Defendant Condor CA was formed on February 15, 2023. Upon information and belief, on this date, Defendant Selan electronically executed and filed articles of incorporation the California Office of the Secretary of State to form a nonprofit mutual benefit corporation under the laws of the State of California using the Infringing Name as the corporation name. Defendant Selan is listed as the registered agent for service of process in such articles of incorporation and, upon information and belief, is the sole owner and director of Defendant Condor CA. The articles of incorporation include statements that the purpose of Defendant Condor CA is "to engage in any lawful act or activity other than credit union business, for which a corporation may be organized under such law," and that "[t]he specific purpose of this corporation is to Social Network Educational." Attached as **Exhibit 5** is a true and correct copy of the articles of incorporation of Defendant Condor CA that, upon information and belief, Defendant Selan filed with the California Office of the Secretary of State on February 15, 2023.

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax: 949.833.8540

27.     The articles of incorporation for Defendant Condor CA also provide that the mailing address of both Defendant Condor CA and its registered agent, Defendant Selan, is 416 W San Ysidro Blvd, L-1958, San Ysidro, CA 92173, and that the address of Defendant Condor CA's principal office is 30 N Gould, Suite R, Sheridan, WY, 82801. Upon information and belief, the mailing address provided for Defendants is a private mailbox rented from a local business and shipping service center. Upon information and belief, Defendant Condor CA does not conduct business from the place of business at the Wyoming address provided in the articles of incorporation.

28.     Upon information and belief, between January 24, 2023, and April 1, 2023, Defendant Selan filed articles of incorporation with the California Secretary of State for over 350 nonprofit mutual benefit corporations, which articles name Defendant Selan as the registered agent and list the same mailing addresses, principal office address, and purposes as those provided in the articles of incorporation filed for Defendant Condor CA. Upon information and belief, the majority of these articles of incorporation, including those forming Defendant Condor CA, were electronically filed with the California Secretary of State between February 9, 2023, and February 16, 2023. Upon information and belief, all of the nonprofit mutual benefit corporations formed by Defendant Selan have a corporation name that is the trade name of a legitimate and existing for-profit business entity.

29.     Plaintiff, in writing, has explained to Defendant Selan the nature of its complaint and demanded she cease her unauthorized use of Plaintiff's Trade Name and file appropriate documents to dissolve Defendant Condor CA. Attached and made a part hereof as **Exhibit 6** is a copy of the cease and desist letter Plaintiff's counsel sent to Defendant, on June 5, 2024, at the registered agent address listed in Defendant Condor CA's articles of incorporation and, upon information and belief, at the address where Defendant resides.

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax: 949.833.8540

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax: 949.833.8540

30.     To date, Plaintiff has received no response to its cease and desist letter and, after reasonable inquiry, has no evidence that Defendant Selan has responded to or complied with the demands set forth in Plaintiff's counsel's cease and desist letter.

31.     Defendants' infringing acts as alleged herein have resulted in actual confusion. A party wishing to serve Plaintiff with a complaint in small claims court served the action on Defendant Condor CA. Plaintiff had no notice of this matter until well into the case, which harmed its ability to defend itself against the claims asserted by the plaintiff in that case. Upon information and belief, other nonprofit mutual benefit corporations incorporated by Defendant Selan have also been served with legal notices intended for the party whose legitimate trade name Defendant Selan pilfered.

32.     Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's Trade Name and its CONDOR Mark and confuse and deceive consumers as to the nature, source, and legitimacy of any services provided by or purported to be provided by Defendant Condor CA.

33.     Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public.

## FIRST CLAIM FOR RELIEF
## FEDERAL TRADEMARK INFRINGEMENT

34.     Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 33, as though fully set forth herein.

35.     Defendants' unauthorized use of the Infringing Name and, upon information and belief, unauthorized use in commerce of the Infringing Mark, as alleged herein, are likely to deceive consumers as to the origin, source, sponsorship, nature, legitimacy, or affiliation of Defendants' goods and/or services, and are likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Plaintiff and/or that Defendants' services are provided, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax: 949.833.8540

some way affiliated with or sponsored by Plaintiff. Defendants' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

36. Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in Plaintiff's Trade Name and in the CONDOR Mark and with the willful intent to cause confusion and trade on its goodwill.

37. By reasons of Plaintiff's prior adoption and use of its Trade Name and its federal registered CONDOR Mark, Plaintiff's rights are superior to and supersede any rights Defendants may have in the Infringing Name or the Infringing Mark.

38. Defendants were on constructive notice of the existence of Plaintiff's rights in and to its Trade Name and the CONDOR Mark, by reason of the existence of Plaintiff's valid and subsisting out-of-state corporation registration with the California Secretary of State and federal trademark registration, and, with respect to Plaintiff's rights in its Trade Name, by reason of its prior cease and desist letter.

39. Upon information and belief, Defendants had actual knowledge of Plaintiff's prior and superior rights to its Trade Name and the CONDOR Mark.

40. Upon information and belief, the class of customers for the goods and/or services offered by Defendants is the same class of customers to whom Plaintiff offers its products.

41. In view of the virtually identical nature of the parties' corporation or trade names, the confusing similarity caused by the use of Plaintiff's Trade Name and the CONDOR Mark by the two parties, and the substantially similar channels of trade and classes of purchasers of the parties' products, Defendants' continued uses of Plaintiff's Trade Name and the CONDOR Mark in the corporation or trade name of Defendant Condor CA and, upon information and belief, in connection with the sale of products and/or provision of services, are likely to cause confusion, mistake, and deception among purchasers and the public generally, leading them to believe, falsely, that

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax:  949.833.8540

Defendants' products and services are those of, sponsored or approved by, or in some way connected with Plaintiff, to the irreparable injury of Plaintiff and the public. Despite such likelihood of public confusion, mistake, or deception, Defendants have not taken steps to dissolve or change the corporation name of Defendant Condor CA, disregarding Plaintiff's demands that Defendants do so.

42.    On information and belief, Defendants' acts complained of herein have for their objective the willful appropriation of Plaintiff's right in its Trade Name and the CONDOR Mark and of the valuable goodwill of Plaintiff's business, thereby unlawfully benefiting Defendants.

43.    On information and belief, the continued use of the Infringing Name and Infringing mark by Defendants will be likely to injure the business and reputation of Plaintiff and will damage the distinctive quality of Plaintiff's federally registered CONDOR Mark.

44.    Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

45.    Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with pre-judgment and post-judgment interest.

## SECOND CAUSE OF ACTION
### FEDERAL TRADE NAME INFRINGEMENT, UNFAIR COMPETITION, FALSE REPRESENTATION, AND FALSE DESIGNATION OF ORIGIN

46.    Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 45, as though fully set forth herein.

47.    Defendants' unauthorized use of the Infringing Name and, upon information and belief, use in commerce of the Infringing Mark, are likely to deceive consumers as to the origin, source, sponsorship, nature, quality or affiliation of

Defendants' products and/or services, and are likely to cause consumers to believe, contrary to fact, that Defendants' products and/or services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

48.    Defendants' unauthorized use of the Infringing Name and, upon information and belief, use in commerce of the Infringing Mark constitute uses of a false designation of origin and misleading description and representation of fact.

49.    Upon information and belief, Defendants' conduct is willful and is intended and likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

50.    Defendants' conduct constitutes trade name infringement and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51.    Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

52.    Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with pre-judgment and post-judgment interest.

53.    The aforesaid acts constitute federal trade name infringement and unfair competition in the form of passing off, false representation, false advertising, and false designation of origin, all in direct violation of 15 U.S.C. § 1125 (a).

### THIRD CAUSE OF ACTION
### CALIFORNIA TRADEMARK INFRINGEMENT

54.    Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 53, as though fully set forth herein.

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax:   949.833.8540

COMPLAINT FOR DAMAGES

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax: 949.833.8540

55.   This cause of action arises under Cal. Bus. & Prof. Code § 14200 *et seq.*, specifically, § 14245.

56.   This Court has supplemental jurisdiction over this cause of action and has jurisdiction pursuant to 28 U.S.C. § 1338(b).

57.   Defendants' uses of the Infringing Mark in the corporation name of Defendant Condor CA and, upon information and belief, in connection with the sale of goods and/or provision of services are without the permission or authorization of Plaintiff and are likely to cause confusion, mistake and deception among consumers and the public generally. Despite such a likelihood of public confusion, mistake, or deception, Defendants have continued to use and are presently using the Infringing Mark in the corporation name of Defendant Condor CA, disregarding Plaintiff's demand that Defendant cease this activity, and, upon information and belief, in connection with the sale of goods and/or provision of services.

58.   Upon information and belief, Defendants' continued uses of the Infringing Mark in the corporation name of Defendant Condor CA and, upon information and belief, in connection with the sale of goods and/or provision of services, are likely to injure the activity and reputation of Plaintiff, will diminish the distinctive quality of Plaintiff's source-identifying mark, and cause irreparable injury to Plaintiff's trade and goodwill and to the public. Upon information and belief, Defendants use or intend to use Plaintiff's Trade Name and CONDOR Mark and the goodwill associated with such trade name and mark to deceive consumers and cause the mistaken belief that Defendants operate a legitimate business so as to dupe or defraud consumers.

59.   Defendants' wrongful acts constitute common law trademark infringement in California.

60.   Defendants' aforesaid acts are irreparably damaging to Plaintiff and will continue to irreparably damaging Plaintiff unless enjoined by this Court, and Plaintiff is without an adequate remedy at law.

61.     Defendants have engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices through their unlawful uses of the Infringing Mark.

62.     Defendants' use of the Infringing Mark is causing confusion among consumers given:

      a. Plaintiff's historical and continuous use of its CONDOR Mark;

      b. The proximity of the Defendants' stated mailing address to an airport from which Plaintiff provides its air transportation services;

      c. Actual confusion between the parties that has occurred;

      d. Similarity of marks in sight, sound, and meaning; and

      e. Defendants' ill intent in using the Infringing Mark.

### FOURTH CAUSE OF ACTION
### CALIFORNIA TRADE NAME INFRINGEMENT

63.     Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 62, as though fully set forth herein.

64.     This Court has supplemental jurisdiction over this cause of action and has jurisdiction pursuant to 28 U.S.C. § 1338(b).

65.     This cause of action arises under Cal. Bus. & Prof. Code § 14400 *et seq.*, specifically, § 14402.

66.     Plaintiff is entitled to a rebuttable presumption that it has the exclusive right to use its Trade Name in the State of California by virtue of its priority in obtaining a certificate of qualification to do business setting forth its Trade Name as its corporate name, and the business it actually conducts utilizing such corporate name, in the State of California. Plaintiff has priority of the entitlement to such presumption over Defendants because it obtained its certificate of qualification to do business in the State of California before Defendant Selan filed the articles of incorporation for Defendant Condor CA.

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax: 949.833.8540

67.    The geographic scope of the business conducted by Plaintiff includes the entire state of California due to the nature of international air travel and the limited availability of international flights from regional airports as compared to the large international airports in Los Angeles and San Francisco.

68.    Plaintiff's Trade Name is unique and fanciful, and has acquired distinctiveness by virtue of Plaintiff's longstanding use of its Trade Name to conduct business in California and the incorporation of Plaintiff's inherently distinctive CONDOR Mark.

69.    Defendants' adoption and use of the virtually identical and confusingly similar corporation name set forth in the articles of incorporation for Defendant Condor CA is unfair and likely to cause confusion or mistake or otherwise deceive consumers as to the nature, legitimacy, and reputation of Defendants' business. Such adoption and use of Plaintiff's Trade Name by Defendants violates Plaintiff's exclusive rights to conduct business under this trade name.

70.    Defendants' continuing use of Plaintiff's Trade Name as the corporation name of Defendant Condor CA is, and will continue to be, greatly and irreparably damaging to Plaintiff unless enjoined by this Court.

## FIFTH CAUSE OF ACTION
## CALIFORNIA UNFAIR COMPETITION

71.    Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 70 as if fully set forth herein.

72.    This Court has supplemental jurisdiction over this cause of action and has jurisdiction pursuant to 28 U.S.C. § 1338(b).

73.    As described more fully herein, Defendants' wrongful acts constitute unfair competition, under Cal. Bus. & Prof. Code § 17200 *et seq*., in that said acts:

      a.    Enable and will continue to enable Defendants to obtain the benefit of and trade on Plaintiff's goodwill;

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax: 949.833.8540

b. Damage and will continue to damage Plaintiff's goodwill in that Plaintiff does not have control over Defendants' operation; and

c. Cause, have caused, and are likely to continue to cause confusion, mistake, or deception in the minds of the public.

74. The aforesaid acts of Defendants are greatly and irreparably damaging to Plaintiff and will continue to be greatly and irreparably damaging unless enjoined by this Court.

**SIXTH CAUSE OF ACTION**
**CALIFORNIA FALSE ADVERTISING**

75. Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 74, as though fully set forth herein.

76. This cause of action arises under Cal. Bus. & Prof. Code § 17500 *et seq*. This Court has supplemental jurisdiction over this cause of action and has jurisdiction pursuant to 28 U.S.C. § 1338(b).

77. Defendants have engaged in false advertising by their continued and deceptive use of the Infringing Name as the corporation and trade name of Defendant Condor CA.

78. Defendants' advertising and marketing use of the Infringing Name causes confusion among consumers given:

a. Plaintiff's historical and continuous use of its CONDOR Mark;

b. The proximity of the Defendants' stated mailing address to an airport from which Plaintiff provides its air transportation services;

c. Actual confusion between the parties that has occurred;

d. Similarity of marks in sight, sound, and meaning; and

e. Degree of care, or lack thereof, exercised by purchasers seeking reasonably priced international travel services and goods and services related thereto.

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax: 949.833.8540

79.    Defendants' corporation name is so substantially similar to Plaintiff's Trade Name and CONDOR Mark that consumers are likely to be confused as to source of any products and/or services sold, offered, or provided by Defendant.

80.    Defendants are aware that their unlawful uses of Plaintiff's Trade Name and CONDOR Mark are either actually misleading or have the capacity, likelihood, or tendency to deceive or confuse the public.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants Elaine Brown Selan and Condor Flugdienst GmbH as follows:

a.    That Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

b.    That Defendants have violated California trademark and trade name law Cal. Bus. & Prof. Code § 14200 et seq., unfair competition law Cal. Bus. & Prof. Code § 17200 *et seq*. and Cal. Bus. & Prof. Code § 17500 *et seq*.

c.    Granting an injunction temporarily and permanently enjoining Defendant Condor CA, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, including Defendant Selan, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

   i.    using Plaintiff's Trade Name, or any close or similar trade names, as its trade name or registered corporation name;

   ii.   manufacturing, distributing, providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, provide, sell, market, advertise or promote any of Defendants' products bearing, or services provided under, the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of

- 17 -

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax:  949.833.8540

Plaintiff's CONDOR mark;

iii.  engaging in any activity that infringes Plaintiff's Trade Name or its CONDOR mark;

iv.  engaging in any activity constituting unfair competition with Plaintiff;

v.  making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' goods or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendants;

vi.  registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the Trade Name, the Infringing Mark, or any other mark that infringes or is likely to be confused with Plaintiff's CONDOR mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

vii.  aiding, assisting, or abetting any other individual or entity in doing any act prohibited herein.

d.  Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's air travel services.

- 18 -

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax: 949.833.8540

e.     Directing Defendants to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's CONDOR mark, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendants' goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's CONDOR Mark, and to immediately remove them from public access and view.

f.     Directing that Defendants recall and deliver up for destruction, or other disposition, all goods, packaging, shopping bags, containers, advertisements, promotions, signs, displays, and related materials incorporating or bearing the Infringing Mark or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's CONDOR Mark.

g.     Directing Defendants to formally abandon with prejudice any and all of its applications to register the Infringing Mark or any mark consisting of, incorporating, or containing Plaintiff's Trade Name or CONDOR Mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

h.  Directing Defendants to cancel with prejudice any and all of its registrations for the Infringing Mark or any mark consisting of, incorporating, or containing Plaintiff's Trade Name or CONDOR Mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

i.  Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), each Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on such Defendant of an injunction in this action, or such extended period as the Court may direct, a report in writing under oath, setting forth in detail the manner and form in which such Defendant has complied therewith.

j.  Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

k.  Directing that each Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

l.  Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

m.  Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

n.  Awarding Plaintiff damages to the full extent provided by California common law.

o.  Any other relief as the Court may deem just and proper.

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax: 949.833.8540

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 3, 2025                          HOLLAND & KNIGHT LLP

/s/ *Sarah Kelly-Kilgore*
Sarah Kelly-Kilgore
Attorneys for Plaintiff
*Condor Flugdienst Gesellschaft mit beschrankter Haftung*

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax: 949.833.8540

COMPLAINT FOR DAMAGES