**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CONDOR FLUGDIENST GESELLSCHAFT MIT BESCHRANKTER HAFTUNG, a German company with limited liability,<br><br>Plaintiff,<br><br>v.<br><br>ELAINE BROWN SELAN and CONDOR FLUGDIENST GMBH, a California nonprofit corporation,<br><br>Defendants. | Case No.:  3:25-cv-02279-RBM-BLM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER AUTHORIZING SERVICE OF SUMMONS THROUGH ALTERNATIVE MEANS**<br><br>**[Doc. 4]** |

Pending before the Court is Plaintiff Condor Flugdienst GmbH's ("Plaintiff") Ex Parte Application for an Order Authorizing Service of Summons Through Alternative Means ("Ex Parte Motion"). (Doc. 4.)  For the reasons set forth below, the Ex Parte Motion (Doc. 4) is **GRANTED IN PART AND DENIED IN PART**.

**I.    BACKGROUND**

On September 3, 2025, Plaintiff filed a Complaint against Defendants Elaine Brown Selan ("Defendant Selan") and Condor Flugdienst Gmbh ("Defendant Condor CA") (collectively "Defendants") alleging trademark infringement and false advertising.  (Doc.

1

1 ¶ 1.)[1]  Plaintiff, a commercial airline business, alleges that Defendant Selan registered Defendant Condor CA "using Plaintiff's corporate trade name and incorporating Plaintiff's federally registered trademark."  (*Id.* ¶¶ 2, 10.)  Plaintiff claims it has been damaged by Defendants' unauthorized use and registration of trade names and the mark "CONDOR" that are virtually identical its own trade name and registered mark. (*Id.* ¶¶ 25–26.)  Plaintiff filed the instant Ex Parte Motion on November 26, 2025.  (Doc. 4.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 4 governs services of process.  Rule 4(h) allows for domestic or foreign corporations to be served "in the manner prescribed by Rule 4(e)(1) for serving individuals."  Fed. R. Civ. P. 4(h)(1)(A).  In turn, Rule 4(e)(1) allows for service of process as permitted by "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).

California law permits five methods of service on individuals: (1) personal service, Cal. Civ. Proc. Code § 415.10; (2) "substitute service" consisting of delivery to a person found at the party's office, dwelling, or house, and subsequent mailing of service, § 415.20; (3) service by mail, § 415.30; (4) service on individuals outside the state by certified or registered mail with a return receipt requested, § 415.40; and (5) service by publication, § 415.50.  *See Minden Pictures, Inc. v. Interpac Yachts, Inc.*, Case No.: 20-cv-739-WQH-BLM, 2020 WL 5363304, at *2 (S.D. Cal. Sept. 8, 2020).

Sections 416.10 and 416.20 of the California Code of Civil Procedure, on the other hand, govern service on corporations.  *Rose v. Seamless Fin. Corp. Inc.*, Civil No. 11cv240 AJB (KSC), 2013 WL 1285515, at *6 (S.D. Cal. Mar. 26, 2013).  A corporation may be served through the registered agent for service of process or specified officers of the corporation.  *See* Cal. Civ. Proc. Code §§ 416.10(a), 416.10(b).

---

[1] The Court cites the paragraph numbers of the Complaint and the CM/ECF electronic pagination for other citations unless otherwise noted.

2

### III.  DISCUSSION

Plaintiff seeks permission to serve Defendant Condor CA through the California Secretary of State and to serve Defendant Selan by publication.  (Doc. 4-1 at 1, 7–14.)

**A.**   **Service Through the California Secretary of State**

A court may authorize service on a corporation by hand-delivery of process to the Secretary of State when a plaintiff cannot with "reasonable diligence" locate a defendant's designated agent "at the address designated for personally delivering the process," or any other person authorized to receive service.  Cal. Corp. Code § 1702(a).  Under California Corporation Code § 1702(a), the plaintiff must demonstrate its inability to effect service "with reasonable diligence" on: (1) the designated agent by hand-delivery in the manner provided for in California Code of Civil Procedure §§ 415.10, 415.20(a), and 415.30(a); or (2) on the corporation itself in the manner provided for in §§ 416.10(a)–(c) or 416.20(a).  Cal. Corp. Code § 1702(a).  To determine "reasonable diligence," the Court considers whether the plaintiff "took those steps which a reasonable person who truly desired to give notice would have taken under the circumstances."  *Rios v. Singh*, 65 Cal. App. 5th 871, 880–81, 280 (2021) (citing *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 332 (1978)).

In this case, Plaintiff has submitted the Declaration of Sarah Kelly Kilgore detailing the efforts undertaken to serve Defendants.  (*See* Doc. 4-2, Decl. of Sarah Kelly Kilgore ["Kilgore Decl."].)  First, Plaintiff attempted to serve Defendant Condor CA and Defendant Selan, "both in her individual capacity and as the identified 'Registered Agent' for Defendant Condor CA" (Doc. 4-1 at 7), at the business addresses registered with the California Secretary of State but found that Defendants do not conduct business or maintain a mailbox at those addresses.  (*See* Kilgore Decl. [Doc. 4-2] ¶¶ 3–4, 9, 13–15; Doc. 4-6, Ex. 4 at 2–3.)   Plaintiff conducted reasonable inquiries, including through paid investigators, to locate Defendants without success.  (Doc. 4-1 at 10–12; *see* Kilgore Decl. [Doc. 4-2] ¶¶ 10, 14.)   The private investigations team "prepared a skip trace report advising that there are no current addresses associated with" Defendant Selan's legal identity and "that an 84-year-old woman named Elaine Brown Selan died on April 29,

2025.  (Kilgore Decl. [Doc. 4-2] ¶ 11; *see* Doc. 4-6, Ex. 5 at 3.)[2]  Plaintiff "reviewed all documents filed by Defendants with the California Secretary of State, but none identify an officer, agent, or any other person that may be associated with Defendant Condor CA." (Doc. 4-1 at 12.)  Plaintiff's counsel also "located several articles discussing the high number of illegitimate businesses associated with" one of the business addresses registered with the California Secretary of State.  (Kilgore Decl. [Doc. 4-2] ¶ 14.)

Next, Plaintiff "attempted to serve Defendants at a residential address believed to be associated with" Defendant Selan but found the address "does not belong to and is not associated with Defendants."  (*Id*. ¶¶ 16–17; *see also* Doc. 4-12, Ex. 10 ¶ 6 (attesting that a process server in a different action was informed by the individual who answered the door at the same address that she has owned and lived at the residence for the past 17 years.").  Plaintiff's counsel identified a separate action filed in this District against Defendant Selan where service has not been able to be effectuated.  (*See* Doc. 4-2 [Kilgore Decl.] ¶ 17 (citing *UnitedHealth Group Inc. v. Selan*, Case No. 3:24-cv-02130-JLS-BJC (S.D. Cal. Nov. 13, 2024), ECF No. 1).)  "Having exhausted all other efforts at service," Plaintiff's counsel attempted to serve Defendants by certified mail at each of the three identified addresses, with a return receipt requested, but did not receive delivery receipts for any of the service packages mailed.  (*Id*. ¶¶ 18–19.)

Based on these extensive efforts, the Court finds that Plaintiff has adequately demonstrated Defendant Condor CA's registered agent, Defendant Selan, could not be found at the addresses registered with the Secretary of State.  *See* § 1702(a).

Plaintiff's efforts also demonstrate that Plaintiff attempted to serve Defendant Selan, as Defendant Condor CA's designated agent, through personal service and mail at the registered addresses without success.  After discovering that Defendants were not

---

[2] Plaintiff suggests that "the person who incorporated Defendant Condor CA, registered himself or herself as its agent, and conducted the wrongful acts alleged in the Complaint stole Selan's identity at some point before her death."  (Doc. 4-1 at 11 n.2.)

3:25-cv-02279-RBM-BLM

associated with those addresses, Plaintiff conducted several inquiries and hired an investigations team to locate Defendant Selan to no avail. *See Rios*, 65 Cal. App. 5th at 880 ("A number of honest attempts to learn the defendant's whereabouts through inquiry and investigation generally are sufficient."). Plaintiff also attempted to serve Defendant Selan at a residential address but Defendant Selan was not associated with the family who resides at that address. (*See* Kilgore Decl. [Doc. 4-2] at ¶¶ 16.) Thus, Plaintiff has demonstrated that service on the corporation through its designated agent by personal service, substitute service, or service by mail could not be accomplished with reasonable diligence. *See* Cal. Civ. Proc. Code §§ 415.10, 415.20(a), 415.30(a), 416.10(a).

After their paid investigators discovered that an individual named Elaine Selan died almost a year ago, Plaintiff tried to locate other officers, agents, or individuals that may be associated with Defendant Condor CA. However, Plaintiff found there are no living individuals affiliated with Defendant Condor CA or that would otherwise be authorized to accept service for Defendant Condor CA. Plaintiff has therefore demonstrated that service on the corporation itself could not be accomplished with reasonable diligence. *See* Cal. Civ. Proc. Code § 416.10(b).

Accordingly, the Court **GRANTS** Plaintiff's request to serve Defendant Condor CA through the California Secretary of State in the manner set forth in California Corporations Code § 1702(a).

**B.    Service by Publication**

Plaintiff seeks to serve Defendant Selan in her individual capacity by publication pursuant to California Code of Civil Procedure § 415.50(a). (Doc. 4-1 at 13–17.)

Under the statute, service by publication is permitted if "upon affidavit it appears to the satisfaction of the court . . . that the party to be served cannot with reasonable diligence be served in another manner specified" and that "a cause of action exists against the party." Cal. Civ. Proc. Code § 415.50(a). "In determining whether a plaintiff has exercised 'reasonable diligence,' the court examines the affidavit to see whether the plaintiff 'took those steps a reasonable person who truly desired to give notice would have taken under

the circumstances.'" *United States v. Benson*, 2019 WL 6612246, at *2 (N.D. Cal. Dec. 5, 2019) (quoting *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978)).

In addition to a showing of diligence, a party requesting service by publication must also show that a "cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Civ. Proc. Code § 415.50(a)(1). To accomplish this, the party must "provide independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against each defendant whom service by publication is requested." *Indian Hills Holdings, LLC v. Frye*, 337 F.R.D. 293, 302 (S.D. Cal. 2020) (citation omitted). The affidavit "must be signed by someone with personal knowledge of the essential facts." *Hernandez v. Srija, Inc.*, Case No. 19-cv-01813-LB, 2019 WL 4417589, at *2 (N.D. Cal. Sept. 16, 2019).

While Plaintiff has made diligent efforts to serve Defendant Selan (*see* Sec. III.A.), the declaration submitted by Plaintiff's counsel does not contain any factual details supporting a cause of action as required under California Code of Civil Procedure § 415.50(a)(1). *See e.g.*, *Indian Hills Holdings*, 337 F.R.D. at 302 (holding a "declaration by [plainitffs'] attorney, rather than [plainitffs'] agent or representative, which contains no averments whatsoever as to what facts, if any, could support a cause of action against Defendants[,] fails to meet the requirements of Section 415.50."); *Guo v. Legend Int'l Inv., LP*, Case No. 8:25-cv-00409-FWS-JDE, 2025 WL 3254078, at *3 (C.D. Cal. Aug. 4, 2025) (finding counsel's declaration did not "adequately demonstrate the existence of a cause of action or counsel's personal knowledge of the essential facts."). "[S]ervice by publication is neither appropriate nor valid without such an affidavit." *Aug. Home, Inc. v. Shoprime Corp.*, Case No. 21-cv-01915-DMR, 2021 WL 5302857, at *3 (N.D. Cal. Nov. 15, 2021) (quoting *Cummings v. Brantley Hale*, Case No. 15-cv-04723-JCS, 2016 WL 4762208, at *3 (N.D. Cal. Sept. 13, 2016)). Because this procedural requirement is strictly construed, Plaintiff's request to serve Defendant Selan by publication is **DENIED** without prejudice. *See Calvert v. Al Binali*, 29 Cal. App. 5th 954, 963 (2018).

3:25-cv-02279-RBM-BLM

## IV.    CONCLUSION

Based on the foregoing reasons, Plaintiff's Ex Parte Motion (Doc. 4) is **GRANTED IN PART AND DENIED IN PART**.[3]    The Court further **ORDERS** as follows:

1. Plaintiff's Ex Parte Motion as to Defendant Condor CA is **GRANTED**.  Plaintiff **SHALL** serve Defendant Condor CA by hand-delivering the summons and Complaint, as well as a copy of this Order, to the California Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy.  *See* Cal. Corp. Code § 1702(a).  Plaintiff shall file proof of service on Defendant Condor CA on or before June 4, 2026.  Service will be deemed effective as of the date of filing of the proof of service.

2. Plaintiff's Ex Parte Motion as to Defendant Selan is **DENIED WITHOUT PREJUDICE**.  As the service deadline set by Rule 4(m) has passed, the Court **GRANTS** Plaintiff an extension of time to effectuate service.  *See Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) ("District courts have broad discretion to extend time for service under Rule 4(m).").  Plaintiff shall effectuate service on Defendant Selan or re-file the motion for service by publication on or before June 4, 2026

**IT IS SO ORDERED**.

DATE:  April 17, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[3]  *See Wells Fargo Bank, N.A. v. Ninesquare Cap. Partners, LLC*, Case No.: 2:22-cv-01277-FWS-ASX, 2022 WL 17370535, at *6 (C.D. Cal. Oct. 5, 2022) (granting similar relief).

7

3:25-cv-02279-RBM-BLM